**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

LAURENCE N. FISHER,

    Plaintiff,

    v.

PENNSYLVANIA STATE POLICE,

    Defendant.

NO. 3:08:-CV-01941

(JUDGE CAPUTO)

## **MEMORANDUM ORDER**

Presently before the Court is *pro se* Plaintiff Laurence N. Fischer's Complaint (Doc. 1) and associated Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2). Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999.)

The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against on the United States by Citizens of another State, or by Citizens of Subjects of any Foreign State. U.S. Const. amend. XI. "The Supreme Court has consistently held that the Eleventh Amendment immunizes an unconsenting state from suits brought in federal court by its own citizens as well as by citizens of another state." *Benn v. First Judicial District*, 426 F.3d 233, 238 (3d Cir. 2005).

Here, Plaintiff Fischer brings his Complaint pursuant to 42 U.S.C. § 1983. The United States Supreme Court has stated that states and state officials are not "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *see also Dorsett v. N.J. State Police*, No. 04-CV-5652, 2007 U.S. Dist. LEXIS

10512, *9 (D.N.J. Feb. 15, 2007) (". . . the New Jersey State Police is an arm of the State of New Jersey and, thus, is not subject to suit under § 1983"). "Nor does § 1983 'provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties' because the Eleventh Amendment bars such claims." *Nester v. Allen*, No. 07-1651, 2007 U.S. Dist. LEXIS 54826, *9 (E.D.Pa. July 27, 2007) (quoting *Will*, 491 U.S. at 71). A plaintiff may, however, seek prospective or injunctive relief from a state official defendant that acts in their official capacity. *Will*, 491 U.S. at 71 n. 10 ("[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." (internal citations omitted)). In the present case, however, Plaintiff Fischer does not bring suit against any state officer in their official capacity but, instead, names only the Pennsylvania State Police as a defendant. For this reason, Plaintiff Fischer's claims are barred by the Eleventh Amendment and he cannot proceed on his Complaint (Doc. 1).

**NOW,** this 30th day of October, 2008, upon review of the Plaintiff's Complaint, **IT IS HEREBY ORDERED THAT** this action is **DISMISSED**.

/s/A. Richard Caputo
A. Richard Caputo
United States District Judge